# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00478-CR

**Archie Terrell Scaife, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 64079, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

On June 29, 2009, appellant Archie Terrell Scaife pleaded guilty to possessing more than one gram but less than four grams of cocaine in a school zone. *See* Tex. Health & Safety Code Ann. §§ 481.115(a), (c), .134(c) (West Supp. 2009). Appellant also admitted a previous felony conviction alleged for enhancement. The trial court accepted appellant's pleas, adjudged him guilty, and sentenced him to fifteen years' imprisonment as called for in a plea bargain agreement. Appellant filed a pro se notice of appeal on August 7, 2009. The trial court appointed an attorney to represent appellant on appeal, and counsel has filed a brief challenging the pretrial order overruling a motion to suppress evidence.

Because there was no motion for new trial, the notice of appeal was not timely. *See* Tex. R. App. P. 26.2(a)(1). No extension of time for filing notice of appeal was requested. *See* Tex. R. App. P. 26.3. The notice of appeal was not properly mailed to the district clerk within the time

prescribed by rule 26.2(a). *See* Tex. R. App. P. 9.2(b). Under the circumstances, we lack jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App.1998); *Olivo v. State*, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996).[1]

The appeal is dismissed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed:   June 3, 2010

Do Not Publish

---

[1] The record also contains a waiver of appeal signed by appellant on the day sentence was imposed. Nevertheless, the trial court certified that appellant has the right to appeal pretrial rulings. *See* Tex. R. App. P. 25.2(a)(2). Even if we assume that the trial court intended to grant permission to appeal, the late notice of appeal does not invoke our jurisdiction.